## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DELL TECHNOLOGIES INC. and DELL INC.,** | |
| **Plaintiffs/Movants,** | **Miscellaneous Case No. _____** |
| **v.** | |
| **LINDSEY BROWN,** | **RE:** *EireOg Innovations Ltd. v. Dell Technologies Inc. et al.,* Case No. 24-CV-00416-ADA; in the United States District Court for the Western District of Texas |
| **Defendant/Respondent.** | |

## MOTION AND BRIEF TO ENFORCE
## <u>SUBPOENA TO NONPARTY LINDSEY BROWN</u>

Dell Technologies Inc. and Dell Inc. (collectively "Dell") move pursuant to Fed. R. Civ. P. 45 for an order compelling Lindsey Brown to produce subpoenaed documents in connection with a lawsuit in the United States District Court for the Western District of Texas. Dell also seeks an order requiring Ms. Brown to comply with Dell's deposition subpoena and compelling her attendance at that deposition.

### I.    Statement of Facts

#### A.    Relevant Procedural History

This miscellaneous action arises from a patent litigation dispute between EireOg Innovations Ltd. ("EireOg") and Dell in the United States District Court for the Western District of Texas, *EireOg Innovations Ltd. v. Dell Technologies Inc. et al.*, Case No. 1:24-cv-00416 filed on April 19, 2024. In the underlying litigation, EireOg accuses certain Dell

products of infringing of U.S. Patent Nos. 9,436,626, 9,442,870, and 8,504,777 (collectively the "Asserted Patents").

In the underling litigation, Dell alleges that EireOg's patent infringement claims fail because the defendant Dell is licensed under an agreement with Atlantic IP Services LLC ("Atlantic") that covers the Asserted Patents and binds the plaintiff EireOg. A key issue in the underlying litigation is the nature of the relationship between Atlantic and EireOg, including as shown by the actions of Lindsay Brown, as described below. Fact discovery in the underlying litigation is set to close on December 19, 2025.

### B. On Information and Belief, Lindsey Brown Communicated with an Inventor of the Asserted Patents

On information and belief, Lindsey Brown is a nonparty paralegal who resides in Oklahoma City, Oklahoma and is believed to work for Atlantic. On information and belief, on or about February 7, 2024, Ms. Brown sent a direct message via the professional networking website LinkedIn to David Kramer, an inventor of two of the Asserted Patents and made certain representations on behalf of EireOg.  On information and belief, Ms. Brown has made representations on behalf of EireOg to others as well.

### C. EireOg Refused to Provide Lindsey Brown for Deposition or Produce Ms. Brown's Communications

On September 11, 2025, Dell served a Notice of Deposition of Lindsey Brown on EireOg. Exhibit 1, Exhibit 2; Exhibit 4 at 2-3. During a meet and confer regarding this notice, counsel for EireOg refused to provide Ms. Brown for deposition on the bases of privilege and that Ms. Brown was a nonparty who therefore required a subpoena to compel a deposition. Decl. of Hoffman at ¶ 7. Counsel for EireOg also refused to provide Ms.

2

Brown's communications with David Kramer and any other non-party inventors on similar grounds. *Id.*

### D. Dell Properly Served a Subpoena to Testify and Produce Documents on Lindsey Brown

On September 29, 2025, Dell served a subpoena on Lindsey Brown pursuant to Rule 45, commanding Ms. Brown to appear for deposition and produce documents identified in Schedule A. Exhibit 1, Exhibit 3. Schedule A commanded the production of certain communications with Inventors and agreements between and among the inventors, Ms. Brown, EireOg, and/or Atlantic:

1. All Communications between Lindsey Brown and any of the Inventors.
2. All Communications between EireOg and any of the Inventors.
3. All Communications between Atlantic IP Services Ltd and any of the Inventors.
4. All agreements involving any of the Inventors and any of You, EireOg, or Atlantic.
5. All agreements between You and EireOg, including any employment agreements.
6. All agreements between You and Atlantic, including any employment agreements.

*Id.* at 6.

The place for the deposition was set at the Homewood Suites on 1818 South Meridian Avenue in Oklahoma City, Oklahoma, and the date for deposition was set for October 13, 2025. Counsel for EireOg, Brett Cooper of BC Law Group, P.C., accepted service of the Subpoena on behalf of Ms. Brown. Exhibit 1, Exhibit 4 at 1.

### E. Lindsey Brown Refused to Produce Any Documents or Appear for Deposition

On October 9, 2025, Ms. Brown served Responses and Objections to Dell's Rule 45 subpoena. Exhibit 1, Exhibit 5. In addition to a set of boilerplate objections regarding

relevance and privilege, Ms. Brown objected to the production of ESI, claiming that "[t]he parties are not subject to ESI discovery and, therefore, neither is Ms. Brown." *Id.* at 2. Ms. Brown further stated that she will produce a privilege log identifying every non-ESI document withheld on the basis of privilege. *See, e.g.*, *id.* at 5. To date, no privilege logs have been produced.

Ms. Brown also refused to appear for a deposition. Exhibit 1, Exhibit 4. Counsel for Ms. Brown indicated, without explanation, that the "Shelton Rule" protected Ms. Brown from any deposition. *Id.*[1]

### F.    Dell's Identical Second Subpoena on Lindsey Brown

On November 3, 2025, Dell served a second Rule 45 Subpoena that was identical to the first Subpoena and enclosed a check for One-Hundred and Five dollars to compensate Ms. Brown for millage and attendance at the deposition. Exhibit 1, Exhibit 6. After EireOg's counsel accepted service of the subpoena, Ms. Brown again refused to appear for deposition or produce any documents. Exhibit 1, Exhibit 7 at 2 ("Ms. Brown will not be presented for deposition."). As of the date of this motion, Ms. Brown has produced zero documents and has not moved for a protective order or to quash the subpoena.

---

[1] "As a compromise," counsel for Ms. Brown offered to log Ms. Brown's communications with the inventors and any response. *Id.* This proposed "compromise" was no such thing—such communications to third-party inventors are not privileged and are not being properly withheld—and Dell did not agree to it for the reasons set forth herein.

II.    **Legal Standards**

  A.    **Nonparties Must Comply with Rule 45 Subpoenas for Deposition and Production of Relevant Documents**

Rule 45(c) permits Dell to command nonparties such as Ms. Brown to attend depositions and produce documents, electronically stored information, or tangible things "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c).

Discovery under Rule 45 extends to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 45, Advisory Committee Notes to the 1970 Amendment (stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.").

  B.    **Enforcing a Subpoena on Nonparties under Rule 45**

If an objection is made to a document subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

As for a deposition subpoena, the court may compel the subpoenaed party's attendance. *Mathis Bros. Tulsa, LLC v. ABP Delivery LLC*, 2022 WL 18862596, *1 (W.D. Okla. Jan. 19, 2022); *see also Daniel & Max LLC v. BAB Holding Co., LLC*, 2021 WL 2953114, at *5 (D.N.M. July 14, 2021) (ordering the subpoenaed party to show cause and to comply with a subpoena by appearing for deposition) (unpublished); *see also Cruz v. AerSale, Inc.*, 2025 WL 1426884, n. 3 (D.N.M May 16, 2025) ("'[C]ourts have found that

a Rule 45 subpoena constitutes an order of the court,' such that a non-party may be held liable in civil contempt for failure to comply with the subpoena.") (collecting cases); *see also id.* at n. 2 (noting that courts may rely on their inherent contempt authority to enforce compliance with a subpoena); *United States v. R.J. Zavoral & Sons, Inc.*, 2014 WL 12756820, *5 (D. Minn. Jan. 17, 2014) ("pursuant to Rule 45(g), a court may order *the subpoenaed party* to comply with the subpoena.").

### III.     Argument

#### A.     This Court is the Proper Venue to Enforce Compliance of Dell's Properly Served Subpoena on Lindsey Brown

As a preliminary matter, a motion to enforce a subpoena must be brought where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i), 45(g). Compliance is required in the location or place of compliance identified in the subpoena. *RSUI Indemnity Co. v. National Rifle Ass'n of America*, 2020 WL 4194526, *1 (W.D. Okla. Jul. 21, 2020); *see also* Fed. R. Civ. P. 45(c). Here, the place of compliance identified in Dell's subpoena is Oklahoma City, Oklahoma, and therefore the Western District of Oklahoma is the proper venue for Dell's motion.[2]

#### B.     Ms. Brown Should be Compelled to Produce Responsive Documents

Ms. Brown should be compelled to produce all documents responsive to Schedule A because they seek non-privileged information relevant to Dell's defense. Fed. R. Civ. P.

---

[2] Dell properly served valid subpoenas on Lindsey Brown. Exs. 1, 2, 5 (subpoenas containing all required information, such as the time and place for deposition); *see* Fed. R. Civ. P. 45(a)(3). Neither EireOg nor Ms. Brown have filed any motion contesting any part of the subpoena process.

26(b)(1). The requested documents are indisputably in Ms. Brown's possession, custody, and control: Ms. Brown has already offered to log her communications "with the third parties and the response, if any." Exhibit 1, Exhibit 4 at 1. If Ms. Brown can log these documents, she can produce them.  Nonparty Ms. Brown's communications with third parties are not privileged.  Request Nos. 1-3 seek communications with the inventors of the Asserted Patents, which are plainly relevant to (1) potential fact testimony and (2) the relationship between and among Lindsey Brown, the inventors, EireOg, and Atlantic. *See* Exhibit 1, Exhibit 7 at 6. Representations in Ms. Brown's communications may be relevant to Atlantic's control of EireOg, which in turn is relevant to Dell's license defense (i.e., the defense that Dell is licensed under an agreement with Atlantic that covers the Asserted Patents and binds EireOg).

Request Nos. 4-6, which seek the agreements between and among the Inventors, Lindsey Brown, EireOg, and Atlantic, are relevant to understand the context and purpose for Lindsey Brown's messages to the inventors as well as the relationships between all parties involved. *See id.* Such agreements may be probative of the control relationship between EireOg and Atlantic and are therefore also relevant to Dell's license defense.

Seeking this discovery from Ms. Brown is proper. Counsel for EireOg claimed that EireOg could not provide the requested production because Ms. Brown is a nonparty and therefore must be subpoenaed pursuant to Rule 45. Considering EireOg's refusal to produce these communications, Dell must now seek them from Ms. Brown.

Ms. Brown has no basis for withholding the requested production. To be clear, Dell is not seeking privileged information. Federal privilege law applies to federal claims, such as claims for patent infringement. *See Bair v. Colonial Plaza Nursing Home, Inc.*, 2009 WL 10672559, *2 (W.D. Okla. Aug. 26, 2009) (citing *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368 (10th Cir. 1997)). Under Federal law, a communication is only privileged when it involves a client seeking legal advice of any kind from "a professional legal advisor in his capacity as such." *Id.* The ***non-party*** inventors are not clients of Ms. Brown, EireOg, or Atlantic, and communications between the inventors and Ms. Brown, EireOg, or Atlantic regarding their inventions do not involve seeking legal advice. Nor was Ms. Brown acting as a legal advisor to the inventors by soliciting information about the Asserted Patents. Similarly, the requested agreements are not privileged as they do not contain or reveal legal advice from a legal advisor acting in their capacity as such. *See* Exhibit 1, Exhibit 6 at 6. To the extent Ms. Brown maintains that the requested documents are privileged, the burden of establishing that privilege lies with Ms. Brown. *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

Ms. Brown does not dispute that responsive documents exist, and indeed has offered to log them in lieu of production, which is improper.

Accordingly, this Court should compel the production of all documents requested by Dell's subpoena.

### C.    This Court Should Order Ms. Brown to Appear for Deposition

As for the deposition subpoena, Ms. Brown has no adequate excuse for her failure to comply with Dell's deposition subpoena and therefore should be ordered to comply and

appear for deposition. *See* Fed. R. Civ. P. 45(g). EireOg previously stated that Ms. Brown is shielded from deposition by application of the *Shelton* test, which is a three-pronged test, adopted by the Tenth Circuit, that parties must satisfy to depose an opposing party's attorney. *See Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, n. 15 (10th Cir. 2001) ("*Shelton* was adopted by this court in *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995).").

But the *Shelton* test does not apply unless: 1) a party seeks the deposition of the opposition's trial or litigation counsel, or 2) the subject matter of the deposition may elicit litigation strategy. *See Pamida*, 281 F.3d at 729; *Graystone Funding Co., LLC v. Network funding, L.P.*, 2020 WL 10352379, *2 (D. Utah Nov. 9, 2020) ("[B]ecause [the witness] is not litigation or trial counsel and because the proposed deposition topics do not seek to expose litigation strategy in the pending case, the *Shelton* test does not apply."). Here, Ms. Brown is neither trial nor litigation counsel for any party. Further, Dell does not seek to depose Ms. Brown on EireOg's litigation strategy, but rather the limited set of non-privileged factual topics set forth above. The topics do not relate to EireOg's patent infringement trial strategy. Accordingly, the *Shelton* test does not apply to the deposition of Ms. Brown.

When faced with a similar situation, the court in *Hughes* found that the *Shelton* test did not apply to an opposing party's paralegals. *Hughes v. Sears, Roebuck and Co.*, 2011 WL 2671230, *5 (N.D. W.V. Jul 7, 2011). In *Hughes*, the defendant sought a protective

order to prevent the depositions of its in-house paralegals. *Id.* at *1-3. The court denied the motion and ordered the paralegals to appear for deposition. *Id.* at *6. The court declined to apply *Shelton* because the paralegals were "not actively litigating cases but [were] primarily used for information gathering" and their depositions would not likely expose litigation strategy. *Id.* at *5. Similarly, this Court should decline to apply the *Shelton* test to Ms. Brown.

Accordingly, relief is appropriate under Rule 45(g) because Ms. Brown has no adequate excuse for her failure to comply. Under Rule 45(g), a court may compel a subpoenaed party to comply and appear for deposition. *Mathis Bros.*, 2022 WL 18862596 at *1; *see also Daniel*, 2021 WL 2953114 at *5 (ordering the subpoenaed party to show cause and to comply with a subpoena by appearing for deposition) (unpublished), *R.J. Zavoral*, 2014 WL 12756820 at *5 ("pursuant to Rule 45(g), a court may order *the subpoenaed party* to comply with the subpoena."). Thus, for the reasons set forth above, Dell requests this Court order Lindsey Brown to appear for deposition at a date and time mutually agreeable to the parties.

### IV.    CONCLUSION

For all the reasons set forth above, Dell respectfully requests this Court grant Dell's motion and issue an order compelling Lindsey Brown to produce all requested documents and appear for deposition.

Dated: December 9, 2025                    Respectfully Submitted,

                                           */s/ Bryan R. Lynch*
                                           _____
                                           Daniel V. Carsey, OBA No. 21490
                                           Bryan R. Lynch, OBA No. 33559

                                           **HALL, ESTILL, HARDWICK,**
                                           **GABLE, GOLDEN & NELSON, P.C.**
                                           100 North Broadway, Suite 2900
                                           Oklahoma City, OK 73102-8865
                                           Telephone (405) 553-2310
                                           Facsimile (405) 553-2855
                                           Email  dcarsey@hallestill.com
                                                  blynch@hallestill.com


## CERTIFICATE OF CONFERENCE

David M. Hoffman, being counsel for Dell, conferred in good faith with Brett E. Cooper, as counsel for both EireOg Innovations Ltd. and Respondent herein, by phone and email, after a sincere attempt to resolve differences, counsel was unable to reach an accord. An in-person conference among counsel was not feasible because David M. Hoffman offices in Austin, Texas and Brett E. Cooper offices in New York, NY.

                                           */s/ Bryan R. Lynch*
                                           _____
                                           Bryan R. Lynch

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed with the Clerk of the Court using the Electronic Case Filing System, and a full, true, and correct copy was sent via electronic mail and regular mail, with proper first-class postage fully prepaid thereon, to the following counsel of record for Respondent in this matter:

Brett E. Cooper
BC Law Group, P.C.
200 Madison Ave., 24th Floor
New York, NY 10016
bcooper@bclgpc.com

*/s/ Bryan R. Lynch*
Bryan R. Lynch